**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

SHERROLD LEITH BLUE,                      )
                                          )
                    Plaintiff,            )
                                          )
            v.                            )          No. 4:25-cv-1398-CMS
                                          )
OFFICER SGT. UNKNOWN KEATHLEY,            )
                                          )
                    Defendant.            )

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Sherrold Leith Blue's application to proceed in district court without prepaying fees or costs. ECF No. 3. Upon consideration of the application, the Court finds that Plaintiff is unable to pay the filing fee. The application will be granted and the fee will be waived. *See* 28 U.S.C. § 1915(a)(1). Because Plaintiff is now proceeding *in forma pauperis*, his complaint must be reviewed under 28 U.S.C. § 1915(e). Based on that review, the Court will direct Plaintiff to file an amended complaint within thirty (30) days in compliance with the instructions set out below.

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations. A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

On September 15, 2025, Plaintiff filed the instant civil rights action against Officer Sergeant Unknown Keathley, a state trooper. ECF. No. 1. The complaint alleges that on August 7, 2025, Keathley had Plaintiff's car towed "at an unreasonable time." *Id.* at 5. Plaintiff does not say what time this occurred or provide other details about what happened leading up to the car being towed. Plaintiff alleges Keathley deprived him of his due process rights through these actions. *Id.* He states he has been mentally and emotionally damaged and seeks $300,000 in damages. *Id.*

**Discussion**

Having thoroughly reviewed and liberally construed Plaintiff's complaint, the Court concludes that his claims are subject to dismissal. In consideration of Plaintiff's self-represented status, the Court will allow him to file an amended complaint.

Here, Plaintiff has failed to plead enough facts to state a claim to relief that is plausible on its face. He provides virtually no details about what occurred on August 7, 2025. Instead, Plaintiff relies solely on his conclusory statements that Keathley violated Plaintiff's rights. Such conclusory statements are insufficient to state a claim upon which relief can be granted. Plaintiff has failed to provide a factual basis that would allow this Court to draw the reasonable inference that the defendant is liable for any misconduct. *See Ashcroft*, 556 U.S. at 678. It is unclear what Plaintiff is even claiming based on the threadbare pleadings.

Because Plaintiff is proceeding *pro se*, the Court will give him an opportunity to file an amended complaint. He must follow the instructions set forth below when amending his complaint.

**Instructions for Amending the Complaint**

Plaintiff must type or neatly print the amended complaint on the Court's Civil Rights Complaint Form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A). Plaintiff will not be allowed to supplement his complaint by interlineation or supplementation. The Court expects all of Plaintiff's claims to be within his amended complaint.

Plaintiff must prepare the amended complaint using the Court-provided form and must follow Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8 requires Plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise and direct. Rule 10 requires Plaintiff to state his claims in

3

separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

In the "Caption" section of the form complaint, Plaintiff must write the name of the defendant(s) he wishes to sue. **Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do.** *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff shall have **thirty (30) days** from the date of this Order to file an amended complaint. Plaintiff is warned that the filing of the amended complaint completely replaces the original. Claims that are not re-alleged are deemed abandoned. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepayment of the required filing fees and costs (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that within **thirty (30) days** of the date of this Memorandum and Order, Plaintiff shall submit an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff two blank Civil Rights Complaint forms. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that if Plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 26th day of January, 2026.

_____
CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE